# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI MILLER, on behalf of M.M., | Case No. EDCV 09-497-DTB |
| Plaintiff, | MEMORANDUM OPINION; AND ORDER THEREON |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed a complaint ("Complaint") on March 17, 2009, seeking review of the Commissioner's denial of M.M.'s application for supplemental security income ("SSI") benefits. Now pending before the Court is the parties' Joint Stipulation ("Joint Stip."). This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law.

## DISPUTED ISSUES

As reflected in the parties' Joint Stipulation, the disputed issues here are as follows:

1.   Whether the Administrative Law Judge ("ALJ") properly rejected the opinions of plaintiff's treating psychiatrist.

2. Whether the ALJ properly rejected the opinions of plaintiff's treating mental health clinician.

3. Whether the ALJ properly developed and considered the record with respect to M.M.'s teacher's statements.

## DISCUSSION

### I. Reversal is warranted based on the ALJ's failure to properly reject the treating psychiatrist's opinion.

"By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); see also Aukland v. Massanari, 257 F.3d 1033, 1037 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's opinion as to the nature and severity of an impairment must be given controlling weight if the opinion is well supported and not inconsistent with other substantial evidence. SSR 96-2p; Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001). Even where the treating physician's opinion is contradicted by other medical evidence in the record, that opinion is entitled to deference unless there are specific and legitimate reasons, supported by substantial evidence in the record, for rejecting it. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).

Here, the ALJ rejected the treating psychiatrist's opinions in favor of that of the consulting medical expert. (AR 15.) Although the ALJ summarized the medical expert's testimony regarding the consistencies and inconsistencies between his opinion and those of other physicians, the ALJ did not give any specific reasons for rejecting the opinions of Louis F. Glatch, M.D., the treating psychiatrist. (AR 15-16.) At one point, the ALJ stated that the medical expert's opinion is "consistent" with the rest of the medical evidence, seemingly implying that he had not rejected Dr. Glatch's opinions but rather that those opinions were incorporated within the opinions of the medical expert. However, the ALJ then went on to reject Dr. Glatch's Global

Assessment of Functioning ("GAF") score in favor of that reported by the consultative psychologist. (AR 15-16.) More significant is the ALJ's adoption of the medical expert's opinion when neither the medical expert nor the ALJ addressed Dr. Glatch's June 12, 2007, diagnosis of Tourette Syndrome, which was noted by plaintiff in the paperwork submitted to the Agency. (AR 175, 221.)

The Court notes that there was some question at the hearing before the ALJ as to Dr. Glatch's GAF score. Dr. Glatch reported M.M.'s GAF to be "45/60." (AR 221.) The medical expert testified that this was "peculiar" and that his best interpretation of this report was that M.M.'s score was "between 45 and 60." (AR 45-46.) The ALJ adopted the medical expert's interpretation. (AR 16.) However, an ALJ has a duty to develop the record and obtain all of a claimant's medical records, even when the claimant is represented by counsel. Smolen, 80 F.3d at 1288. Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"). Thus, if the ALJ questioned Dr. Glatch's GAF assessment, the ALJ should have recontacted Dr. Glatch.

Accordingly, the action must be remanded to allow the ALJ to properly consider the treating psychiatrist's opinions, particularly his GAF assessment and his diagnosis of Tourette Syndrome.

**II. Reversal is warranted based on the ALJ's alleged failure to consider the opinion of plaintiff's treating mental health clinician.**

Social Security Ruling 06-03p provides in part, ". . . only 'acceptable medical

sources' can give us medical opinions ... only 'acceptable medical sources' can be considered treating sources, as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight . . . . In addition to evidence from 'acceptable medical sources,' we may use evidence from 'other sources,' as defined in 20 CFR 404.1513(d) and 416.913(d), to show the severity of the individua''s impairment(s) and how it affects the individual's ability to function. These sources include, but are not limited to: Medical sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists . . . . Information from these 'other sources' cannot establish the existence of a medically determinable impairment ... SSR 06-03p. Because licensed clinical social workers are not "acceptable medical sources," their opinions are reviewed under the lay witness standard, rather than the physician's standard of review. However, lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir.2001) (internal citations omitted).

The ALJ did not address, let alone expressly disregard, the opinions of the licensed clinical social worker who treated plaintiff at the San Bernardino County Department of Behavioral Health. Accordingly, the action must be remanded to allow the ALJ to properly consider the clinician's opinions.

**III. Reversal is not warranted based on the ALJ's alleged failure to properly develop the record and consider the evidence with respect to the teacher's statements.**

As stated above, lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.

4

Lewis, 236 F.3d at 511.

The ALJ considered in some detail the teacher's statements regarding M.M.'s impairments. (AR 14-15, 17, 19, 20.) The ALJ explicitly considered the symptoms identified in the teacher's reports, including some that plaintiff alleges were overlooked by the ALJ. Ultimately, the ALJ rejected the teacher's reports for three reasons. First, the November, 2006, teacher's reports indicated that M.M. had only been at the Carpe Diem Learning Academy for a short time, but the testimony at the hearing indicated that M.M. had been home schooled for four years. (AR 14.)[1] Second, the ALJ rejected the teacher's statements because M.M. was home schooled by his mother and "based on the familial relationship there is bias there." (AR 17.) Finally, the ALJ noted that M.M.'s mother is not a certified teacher. (AR 17.) These reasons are germane to the lay witness opinions and are supported by the record. (AR 30.)

Plaintiff argues that the ALJ had a duty to develop the record with respect to the teacher's statements because the reports were also signed by a "school administrator," which plaintiff apparently presumes would have been an independent witness. (Joint Stip. at 9-11, 12-13.) However, plaintiff admitted at the hearing that "Carpe Diem Learning Academy" is the name she had given to herself for the purposes of home schooling her children and that it's not a separate institution. (AR 36.) Moreover, the address for "Carpe Diem Learning Academy" is the same as plaintiff's home address. (AR 48, 49, 55, 58, 67, 127, 140, 146, 162, 179, 180.) Finally, the signature of the "school administrator" appears to read "Lawrence J. Miller, Jr." (AR 214.) Although

---

[1] The Court notes that there might be a justification for this discrepancy. In the materials submitted to the Agency, plaintiff states that M.M. was home schooled under the name "Citrus Valley Christian Academy" from August, 2005, to September 2006," and "Carpe Diem Learning Academy" from September, 2006, to that present time. (AR 146, 147, 180.) However, it is unclear whether this is the reason for the inconsistency. Regardless, the other factors cited by the ALJ are clearly supported by the record.

5

it is unclear what relation the "school administrator" has to M.M., it certainly appears from all of these factors that the "school administrator" is another relative who could not have provided evidence of plaintiff's impairments free from potential bias.

Although the Court finds that the ALJ adequately rejected the teacher's statements on the basis of reasons germane to the lay witness evidence, on remand the ALJ might consider clarifying any ambiguity regarding the "school administrator."

## ORDER

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: March 4, 2010

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE